UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER, | No.  2:23-cv-0954 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| SINGH, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants improperly confiscated his durable medical equipment.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 15) and his complaint (ECF No. 9) for screening.  For the reasons set forth below, the court will deny the motion to proceed in forma pauperis and give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

## IN FORMA PAUPERIS

On May 26, 2023, and October 24, 2023, plaintiff was ordered to either pay the filing fee or submit an application to proceed in forma pauperis.  (ECF Nos. 7, 14.)  In response to the court's October 24, 2023, order, plaintiff submitted an incomplete application to proceed in forma pauperis (ECF No. 15).  Approximately one week later, plaintiff paid the filing fee in full.

1

Because plaintiff has paid the filing fee in full, the undersigned will deny the motion to proceed in forma pauperis as moot.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Allegations in the Complaint

Plaintiff states that the events giving rise to the claim occurred while he was incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") housed at California Health Care Facility ("CHCF"). (ECF No. 9 at 1.) Plaintiff has identified the following defendants: (1) V. Singh, associate warden at CHCF; (2) C. Willis, sergeant at CHCF; and (3) G. Williams, medical doctor at CHCF. (Id. at 2.)

Plaintiff alleges that following mediation, he reached a settlement agreement on March 21, 2018. (Id. at 3.) The terms of the settlement agreement included a provision that stated, "subject to CDCR's security screening" plaintiff would "receive a permanent chrono that, 'a left ankle fixation device may be sent from home with shoes to correct ambulation.'" (Id.) Plaintiff

received the chrono on May 30, 2018, he received his brace on September 24, 2018, and his shoes on November 21, 2018.  (Id.)  He states that he was issued those items following a screening process at Corcoran State Prison.  The items were issued to plaintiff with Durable Medical Equipment ("DME") receipts.

After receiving the items, he was transferred to Duel Vocational Institute ("DVI"), CHCF, California State Prison, Los Angeles County ("LAC"), and back to CHCF.  (Id.)  He states that he was allowed to retain the items at each institution.

Plaintiff states that on June 11, 2019, he was told not to wear his DME shoes.  (Id. at 4.)  He filed a reasonable accommodation request on July 14, 2019.  (Id.)  On August 15, 2019, defendant Singh, sergeant Willis, and non-party CCII (Correctional Counselor II) Jane Doe came to his cell to discuss his accommodation request.  (Id.)  They told plaintiff they knew of his lawsuits, had spoken with officials at LAC, and he "wasn't going to use the courts to minipulate [sic] CHCF, or by filing appeals."  (Id.)  They also asked plaintiff to see his shoes.  Plaintiff showed them his shoes, the settlement agreement, the chrono, and his DME receipts.  (Id.)

Singh told plaintiff the RAP Panel (Reasonable Accommodation Panel) gave him the authority to make decisions and plaintiff should not have filed a reasonable accommodation request.  Singh further stated that he was aware plaintiff manipulated others by filing appeals, but he would not manipulate Singh.

Plaintiff states he "began complaining" that pursuant to Armstrong[1] defendants could not take his shoes.  (Id. at 5.)  Defendant Singh stated to Willis "a crippale [sic] a crippale [sic]" and Willis laughed and said "yea, haandie [sic] caps, wheelchairs and (ADA) pusher's is what we do."  (Id.)  On August 16, 2019, defendants Singh, Willis, and Doe came out of plaintiff's cell with his shoes and plaintiff was told they were keeping them because plaintiff filed appeals.  Defendants did not provide plaintiff with any substitute shoes.

---

[1] The court presumes that plaintiff is referencing a remedial order and injunction entered into as a result of a class action suit, Armstrong v. Davis, challenging CDCR's treatment of disabled inmates and parolees requiring CDCR to "evaluate its programs and develop remedial plans to remedy violations of the ADA" in Armstrong v. Davis, 318 F.3d 965, 968 (9th Cir. 2003). Moncrief v. Calif. Dept. of Corr., 2:12-cv-0414 MCE AC P, 2013 WL 4679684, at *2 (E.D. Cal. Aug. 30, 2013).

On August 18, 2019, plaintiff fell and injured himself.  (<u>Id.</u> at 5.)  On September 4, 2019, plaintiff fell and hurt his back.  (<u>Id.</u>)  Plaintiff alleges that the deprivation of his shoes deprived him of medical treatment and the ability to participate in physical therapy.  (<u>Id.</u> at 6.)  He also states that he has not been able to participate in any prison programs, services, or activities without being confined to a wheelchair.  He further states that being forced to remain in a wheelchair has caused him to suffer from neuropathy and weakening of his lower extremities.  (<u>Id.</u>)

Plaintiff alleges he had an evaluation on September 6, 2019, with defendant Dr. Williams.  (<u>Id.</u> at 7.)  Dr. Williams told plaintiff he was there in relation to safety with equipment.  Dr. Williams also told plaintiff that Singh had advised Dr. Williams that plaintiff had contraband shoes.  Dr. Williams brought up the appeals plaintiff filed and stated plaintiff was at the meeting in order to "make it official and to discuss chrono consideration."  (<u>Id.</u>)

On October 20, 2019, Singh and Dr. Williams had plaintiff called to another evaluation.  (<u>Id.</u>)  Plaintiff believes defendants were trying to cover up their retaliatory actions with evaluations.  When plaintiff arrived Singh and Dr. Williams said he was there to be evaluated.  (<u>Id.</u> at 8.)  Singh told plaintiff they would not respect the "court order chrono" because plaintiff was "a minipulator [sic] through using appeals and the courts."  (<u>Id.</u>)  Singh further stated that if plaintiff continued to file chronos and refuse to be evaluated that they would not give plaintiff any shoes for any reasons, medical or not.

On October 8, 2019, plaintiff had an appointment with his Primary Care Provider ("PCP").  (<u>Id.</u>)  Plaintiff advised his PCP that he had fallen a few times and was experiencing pain due to the deprivation of his shoes and brace.  Plaintiff's PCP told plaintiff that was a custody issue.  Plaintiff fell again on October 10, 2019, hurting his back and arm.

On October 11, 2019, plaintiff was called to see Dr. Williams because plaintiff had been filing appeals.  (<u>Id.</u> at 9.)  There Singh and Dr. Williams determined plaintiff could not receive any shoes from home and Dr. Williams took plaintiff's cane because he had a wheelchair.  On October 29, 2019, defendants had plaintiff see an orthopedic doctor in order to "circumvent[] the terms of the settlement."  (<u>Id.</u> at 9.)

1    **III.    Does Plaintiff State a Claim under § 1983?**

2        **A.  Medical Care**

3            **1.  Legal Standards**

4        The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

5    Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

6    punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

7    Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

8    Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

9    and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

10   by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

11       If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner

12   must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference

13   to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has

14   two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

15   response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

16   other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

17       A medical need is serious "if the failure to treat the prisoner's condition could result in

18   further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

19   F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

20   "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

21   at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

22   objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

23   825, 834 (1994).

24       If a prisoner establishes the existence of a serious medical need, he must then show that

25   prisoner officials responded to the serious medical need with deliberate indifference.  See Id. at

26   834.  In general, deliberate indifference may be shown when prison officials deny, delay, or

27   intentionally interfere with medical treatment, or may be shown by the way in which prison

28   ////

6

1    officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.
2    1988).

3          Before it can be said that a prisoner's civil rights have been abridged with regard to
4    medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'
5    'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter
6    Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06; see also
7    Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in
8    diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth
9    Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of
10   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for
11   the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

12         Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.
13   at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a
14   plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th
15   Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;
16   Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,
17   200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
18   1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would
19   provide additional support for the inmate's claim that the defendant was deliberately indifferent to
20   his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

21         Finally, mere differences of opinion between a prisoner and prison medical staff or
22   between medical professionals as to the proper course of treatment for a medical condition do not
23   give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,
24   332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662
25   F.2d 1337, 1344 (9th Cir. 1981).

26         A prison official's failure to provide accommodations for a disabled inmate may
27   constitute deliberate indifference to the inmate's safety in violation of the Eighth Amendment.
28   Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998); see also La Faut v. Smith, 834 F.2d 389,

7

393 (4th Cir. 1987) (prison officials ignored the basic needs of a handicapped individual and

postponed addressing those needs out of mere convenience or apathy); <u>Johnson v. Hardin County,</u>

<u>Kentucky</u>, 908 F.2d 1280, 1284 (6th Cir. 1990) (denial of crutches and other accommodations for

those who are mobility-impaired); <u>Casey v. Lewis</u>, 834 F.Supp. 1569, 1580 (D.Ariz.1993)

(physical accommodations necessary because of disabilities); <u>Bradley v. Puckett</u>, 157 F.3d 1022,

1025 (5th Cir. 1998) (allegations that officials denied accommodation where a leg brace was

required for walking).  In <u>Frost</u>, <u>La Faut</u>, <u>Bradley</u>, and <u>Casey</u>, the courts characterized the

plaintiffs' accommodation claims as a conditions of confinement issue.  In <u>Johnson</u>, the court

evaluated the plaintiff's accommodation claim as an inadequate medical care issue.  In any event,

issues of inhumane conditions of confinement, failure to attend to medical needs, failure to

provide for an inmate's safety, or some combination thereof, are appropriately scrutinized under

the "deliberate indifference" standard.  <u>See</u> <u>Whitely v. Albers</u>, 475 U.S. 312, 319 (1986).

### 2.  Analysis

Allegations that medically prescribed assistive devices were improperly confiscated from

plaintiff could show that plaintiff was deprived of adequate medical treatment.  <u>Davis v. Davis</u>,

No. 2:11-cv-3241 WBS CKD P, 2014 WL 4187360, at *2 (E.D. Cal. Aug. 21, 2014).  However,

plaintiff has not included facts indicating that the items were prescribed.  Rather, he states they

were obtained as a result of settlement negotiations.  (ECF No. 9 at 3.)  Further, plaintiff has

alleged facts indicating that he refused to be evaluated by Dr. Williams to determine what

assistive devices were necessary.  (<u>Id.</u> at 7-8.)  Plaintiff has also indicated that after his shoes and

brace were removed, he had use of a wheelchair.  Such facts indicate disagreement with the

course of treatment rather than deliberate indifference.  <u>Toguchi</u>, 391 F.3d at 1058

In any amended complaint, plaintiff should specify whether the shoes and brace were

prescribed by a medical professional and whether he was evaluated by Dr. Williams before or

after the revocation.  The court also notes that plaintiff has alleged he informed his PCP that he

was experiencing pain and falls after removal of his shoes and brace, but his PCP refused to take

action telling plaintiff it was a custody issue.  (ECF No. 9 at 7.)  Such allegations could support a

////

8

1  deliberate indifference claim.  However, plaintiff has not identified his PCP as a defendant in this

2  action.

3          **B.  Retaliation**

4             **1.  Legal Standards**

5       "Within the prison context, a viable claim of First Amendment retaliation entails five

6  basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

7  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

8  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

9  correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and

10  citations omitted).

11             **2.  Analysis**

12       Plaintiff has alleged that defendants Singh and Willis took adverse action against plaintiff,

13  taking his DME shoes, because they were aware plaintiff previously filed lawsuits, a protected

14  activity.  (ECF No. 9 at 4.)  Plaintiff has alleged sufficient facts to state a potentially cognizable

15  retaliation claim against defendants Singh and Willis.

16          **C.  ADA**

17             **1.  Legal Standards**

18       Title II of the ADA prohibits a public entity from discriminating against a qualified

19  individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A.

20  County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997).

21  The Supreme Court has held that Title II of the ADA applies to state prisons.  Pennsylvania Dept.

22  of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); see also Lee v. City of L.A., 250 F.3d 668, 691

23  (9th Cir. 2001).

24       "Generally, public entities must 'make reasonable modification in policies, practices, or

25  procedures when the modifications are necessary to avoid discrimination on the basis of

26  disability, unless the public entity can demonstrate that making the modifications would

27  fundamentally alter the nature of the service, program, or activity.'"  Pierce v. County of Orange,

28  526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability.  Simmons v. Navajo County, Ariz, 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Weinrich, 114 F.3d at 978.

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant."  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  Id. at 1139.  The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness."  Id. at 1140.

Although "[t]he ADA prohibits discrimination because of disability," it does not provide a remedy for "inadequate treatment for disability."  Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . .  The ADA does not create a remedy for medical malpractice.")).

### 2. Analysis

Plaintiff has alleged defendants' discriminatory actions deprived him of participation in programs and services.  (ECF No. 9 at 5-6.)  Such allegations could state a claim under the ADA.  Lee, 250 F.3d at 691.  However, plaintiff has not identified a proper defendant in this action.  The proper defendant in an ADA action is the public entity responsible for the alleged discrimination.  United States v. Georgia, 546 U.S. 151, 153 (2006).  State correctional facilities are "public entities" within the meaning of the ADA.  See 42 U.S.C. § 12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  However, a state official sued

10

in his or her official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action.  See Applegate v. CCI, No. 1:16-cv-1343 MJS (PC), 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29, 2016) (citing Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

Plaintiff has not indicated whether defendants are sued in their individual or official capacities.  Accordingly, the court finds the allegations insufficient to state a claim.  If plaintiff chooses to file an amended complaint, he should identify a proper defendant such as a public entity or a state official in their official capacity.

### AMENDING THE COMPLAINT

As set forth above, plaintiff has alleged a potentially cognizable retaliation claim against defendants Singh and Willis.  The complaint does not contain any additional cognizable claims.  Accordingly, plaintiff will have the option to amend the complaint or proceed immediately with his retaliation claim.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 15) is denied as moot.

2. The complaint (ECF No. 9) states a potentially cognizable retaliation claim against defendants Singh and Willis as set forth in Section III above.  The complaint does not contain any additional claims.  Accordingly, plaintiff will have the option to proceed with the complaint as screened or amend the complaint.

3. Within thirty (30) days from the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

////

////

4.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  December 4, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/turn0954.scrn

1

2

3

4

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| LAFONZO R. TURNER, | No.  2:23-cv-0954 KJM DB P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| SINGH, et al., | |
| Defendants. | |

14

15

Check one:

_____    Plaintiff wants to proceed immediately on his retaliation claim against defendants Singh and Willis.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

_____    Plaintiff wants to amend the complaint.

DATED:_____

_____
Lafonzo Turner
Plaintiff pro se