UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SINGH,<br><br>　　　　　Defendant. | No. 2:23-cv-0954 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants improperly confiscated his durable medical equipment. Presently before the court is plaintiff's motion for stay (ECF No. 19) and his motion for clarification (ECF No. 21). For the reasons set forth below, the undersigned will grant the motion for clarification and recommend that the motion for stay be denied.

**I.      Background**

Plaintiff initiated this action by filing a motion for temporary restraining order and preliminary injunction. (ECF No. 1.) The undersigned determined the action should be transferred to the Fresno Division of the Eastern District because it appeared from the allegations that the events giving rise to plaintiff's claim took place at Kern Valley State Prison ("KVSP"). (ECF No. 3.)

////

1

Following transfer, the magistrate judge then assigned to the case directed plaintiff to complete an application to proceed in forma pauperis or pay the filing fee and file a complaint. (ECF No. 5.) Plaintiff submitted a complaint indicating the events giving rise to the claim occurred at the California Health Care Facility and a request that the case be transferred back to the Sacramento Division. (ECF Nos. 8, 9.) The magistrate judge transferred the action back to Sacramento Division because CHCF is located in San Joaquin County which is within the Sacramento Division. (ECF No. 10.)

Following transfer, plaintiff filed a motion for temporary restraining order. (ECF No. 13.) Therein, he stated he was in the custody of the Los Angeles County Sheriff and requested an order form this court to return him to KVSP. (Id. at 1-2.) The undersigned recommended[1] the request be denied and directed plaintiff to file a properly completed in forma pauperis application or pay the filing fee within thirty days. (ECF No. 14.) Thereafter, plaintiff filed a motion to proceed in forma pauperis and paid the filing fee. (ECF No. 15.)

By order dated December 4, 2023, the undersigned screened the complaint. (ECF No. 16.) The screening order determined plaintiff stated a potentially cognizable retaliation claim against defendants Singh and Willis but did not state any additional claims. (Id.) Plaintiff was given the option to proceed with the complaint as screened or to amend the complaint. (Id.)

Plaintiff elected to amend the complaint. (ECF No. 17.) He filed a request for stay concurrently with the notice of election form. (Id. at 2.) In support of his request, he again stated that he was incarcerated at the Los Angeles County Jail without access to his legal property. (Id.) In light of plaintiff's submission of his notice of election form indicating he wanted to amend the complaint, the undersigned directed plaintiff to file an amended complaint. (ECF No. 18.)

**II.    Stay**

Plaintiff states he is seeking a stay "due to extraordinary circumstances that have severely impeded [his] ability to effectively participate in [his] legal proceedings." (ECF No. 19 at 1.) He states he was taken from prison without notice and when he requested his legal materials, he was

---

[1] The findings and recommendations were adopted on January 11, 2024. (ECF No. 20.)

2

informed he would be returned to the California Department of Corrections and Rehabilitation ("CDCR") custody that same day. (Id.) However, he states he is presently confined in the Los Angeles County Jail. (Id.) He alleges he sent three previous requests for stay to this court. The docket indicates that plaintiff filed a notice of change of address (ECF No. 12) and a motion requesting an order from this court directing officials to return him to KVSP (ECF No. 13). Plaintiff further states that jail conditions have "severely limited [his] ability to prepare and participate" in these proceedings. He states he does not have his legal documents and has been provided one pencil, but no sharpener. (ECF No. 19 at 1.) He also claims the facility only provides one hour of law library access per week. He seeks a stay of these proceedings until he is returned to CDCR custody.

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). In this regard, "the proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

Plaintiff has not indicated when he may be returned to CDCR custody, and as previously stated, he is not entitled to an order returning him to KVSP. (ECF No. 14 at 3.) Additionally, plaintiff has not explained how the deprivation of his legal property prevents him from setting forth his allegations in an amended complaint. Thus, the court finds an indefinite stay is not warranted. However, in light of plaintiff's statement that he does not have access to his legal property the court will direct the Clerk of Court to send plaintiff a copy of the complaint and the December 4, 2023, screening order. Additionally, plaintiff may request additional time to file an amended complaint. Any request should state the amount of time sought and the reason such time is necessary.

////

////

### III. Motion for Clarification

Plaintiff states he never requested to file an amended complaint. (ECF No. 21 at 1.) He also claims he does not have access to his legal property. He again requests a stay until he has access to his legal property. (Id.) Plaintiff states he filed an injunction seeking an order sending him back to KVSP. He states that request has not been addressed and "the judge has now made a mistaken ruling/order stating [plaintiff] moved to file an amended complaint." (Id. at 2.)

The court construes the motion as requesting clarification regarding the undersigned's order directing plaintiff to file an amended complaint. Accordingly, the court will grant the motion for clarification. Plaintiff is advised that he was directed to file an amended complaint after he elected to amend the complaint, rather than proceed only on the claims the undersigned found cognizable in the December 4, 2023, screening order.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for clarification (ECF No. 21) is granted; and
2. The Clerk of the Court is directed to send plaintiff a copy of the complaint (ECF No. 9) and the December 4, 2023, screening order (ECF No. 16).

IT IS HEREBY RECOMMENDED that plaintiff's request for stay (ECF No. 19) be denied.

These findings and recommendations are submitted to the United States Magistrate Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2024

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/turn0954.stay+mtn.clarif

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE