UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>        Plaintiff,<br><br>   v.<br><br>SINGH, et al.,<br><br>        Defendants. | No. 2:23-cv-0954 KJM SCR P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's first amended complaint for screening, plaintiff's motion for an extension of time to file the first amended complaint, and plaintiff's motions for return of his legal property. For the reasons set forth below, this court finds plaintiff has stated some cognizable claims for relief and has failed to state others. Plaintiff will be permitted to proceed on the claims found cognizable or file a second amended complaint. This court further grants plaintiff's motion for an extension of time and denies plaintiff's motions for return of his legal property without prejudice.

**SCREENING**

    **I.**    **Legal Standards**

As described in the court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims. 28 U.S.C. §

1

1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

## II. Discussion

### A. Allegations in the First Amended Complaint (ECF No. 24)

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP"). He complains of conduct that occurred in 2019 when he was incarcerated at the California Health Care Facility ("CHCF"). Plaintiff identifies three defendants: (1) Associate Warden V. Singh; (2) Sergeant C. Willis; and (3) Dr. G. Williams.

Plaintiff alleges the following. In 2018, plaintiff suffered from foot drop. As part of a settlement of a §1983 action in the Northern District of California, plaintiff was given a medical chrono permitting him to have his medically prescribed shoes and braces. He received a receipt identifying the items as durable medical equipment ("DME"). Through several prison transfers, he was permitted to have the items.

In 2019, plaintiff was transferred to CHCF. Defendant Singh informed plaintiff that he would not be permitted to have the shoes. Plaintiff then submitted a Reasonable Accommodation Request. In response to the request, on August 15, 2019, defendants Singh and Willis told plaintiff they knew about his other lawsuits and he wasn't going to "manipulate" CHCF by filing appeals. They continued to refuse to allow plaintiff to keep the shoes after plaintiff showed them the settlement agreement, medical chrono, and receipt identifying the shoes as DME. The following day, Willis took plaintiff's shoes on Singh's order.

On August 18 and September 14, 2019, plaintiff fell, injuring himself. Without his shoes,

plaintiff was forced to use a wheelchair and was unable to participate in physical therapy or prison programs. Defendants were aware of these limitations.

On September 19, 2019, defendant Williams tried to evaluate plaintiff's foot drop despite the fact plaintiff's medical chrono specified that his need for the shoes and braces would not be re-evaluated. Williams told plaintiff he was re-evaluating him at the behest of Singh and because of the lawsuits plaintiff had filed.

On October 10, plaintiff fell again. On October 20, 2019, Williams and Singh told plaintiff he would be seen by an orthopedic foot doctor so that new shoes could be ordered.

Plaintiff seeks punitive and compensatory damages.

**B. Does Plaintiff State Claims Cognizable under §1983?**

**1. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). As he did previously, plaintiff has stated cognizable claims for retaliation against defendants Singh and Willis.

With respect to defendant Williams, plaintiff alleges Williams sought to have plaintiff re-evaluated for special shoes because plaintiff had filed lawsuits. Whether or not plaintiff's medical chrono permitted Williams to conduct a re-evaluation, and whether not Williams' motive was retaliatory, plaintiff fails to allege the re-evaluation was an "adverse" action. Rather, plaintiff's allegations show that Williams felt plaintiff did require special shoes and sent plaintiff to an orthopedic foot doctor so that new shoes could be ordered. This court finds plaintiff fails to state a cognizable claim for retaliation against Williams.

**2. Eighth Amendment Medical Claim**

To state a claim that a defendant violated plaintiff's Eighth Amendment rights to medical care, plaintiff must allege facts showing he has a serious medical need and that defendants

3

1 responded to that need with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference is shown when a prison official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 847. "Deliberate indifference is a 'high legal standard' beyond malpractice or gross negligence." Balla v. Idaho, 29 F.4th 1019, 1025-26 (9th Cir. 2022) (quoting Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004)).

Plaintiff alleges all three defendants knew he had a medical chrono permitting him to have the special shoes and that they were identified as DME by the prison. However, plaintiff does not show that the defendants were aware he might fall without the shoes, that he had, in fact, fallen, or that they were aware of any other substantial risk of serious harm. Moreover, plaintiff fails to allege facts showing that the falls were the result of not having his special shoes.

Plaintiff's allegations also show that defendants were aware plaintiff had use of a wheelchair. These allegations pertain most clearly to Plaintiff's disability law claim, which is discussed below. But the fact that plaintiff had use of a wheelchair is insufficient to show that defendants knew plaintiff faced a "substantial risk of serious harm" without the shoes. Plaintiff's allegations are insufficient to state Eighth Amendment claims against any of the defendants.

**3. Americans with Disabilities Act ("ADA")**

To state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

For purposes of screening, this court assumes plaintiff's foot drop qualifies him as a disabled under the ADA. Plaintiff alleges each defendant knew he was unable to participate in

physical therapy without the use of his special shoes. Despite that fact, each defendant deprived plaintiff of the use of those shoes for some period of time. Plaintiff's allegations are minimally sufficient to state a claim against each defendant in their official capacity under the ADA.

## MOTIONS

Plaintiff asks for an extension of time to file the first amended complaint because he did not have access to his legal property. (ECF No. 23.) That motion will be granted.

Plaintiff also filed two motions in which he asks the court to order KVSP to provide him with his legal property. (ECF Nos. 26, 28.) It is not clear, however, whether plaintiff is seeking legal property regarding this case. Further, plaintiff filed the second motion over a month ago so may now have that legal property. If plaintiff does not have legal property that he requires to respond to the present order, he may file a renewed motion. To the extent plaintiff does not have legal property unrelated to this case, that issue is not the subject of these proceedings and will not be addressed here. Plaintiff's motions concerning legal property will be denied without prejudice.

## CONCLUSION

Again, this court finds plaintiff has stated some cognizable claims for relief under §1983 but fails to state others. Plaintiff has stated First Amendment retaliation claims against defendants Singh and Willis and ADA claims against all defendants. Plaintiff will be permitted to choose to proceed immediately on the cognizable claims or file a second amended complaint to attempt to state other claims.

If plaintiff chooses to file an amended complaint, plaintiff must address the problems with his first amended complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The Federal Rules of Civil Procedure contemplate brevity. Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. However, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570). A claim is plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff has stated cognizable First Amendment retaliation claims against defendants Singh and Willis and cognizable ADA claims against all defendants.
2. Plaintiff's other claims are dismissed with leave to amend.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his first amended complaint. If plaintiff chooses to proceed on his cognizable claims in the first amended complaint, he shall voluntarily dismiss his other claims.
4. Within twenty-one days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.
5. Plaintiff's motion for an extension of time (ECF No. 23) is granted.
6. Plaintiff's motions for return of his legal property (ECF Nos. 26, 28) are denied without prejudice.
7. Plaintiff is warned that his failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: October 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>            Plaintiff,<br><br>     v.<br><br>SINGH, et al.,<br><br>            Defendants. | No.  2:23-cv-0954 KJM SCR P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his First Amendment retaliation claims against defendants Singh and Willis and his ADA claims against all defendants. Plaintiff understands that by going forward without amending the first amended complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_    Plaintiff wants to file a second amended complaint.

DATED:_____

_____
Lafonzo R. Turner, Plaintiff

1