UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>V. SINGH, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-00954 DC SCR P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On March 17, 2025, this matter was referred to the post-screening ADR pilot project and stayed. (ECF No. 46.) A settlement conference was held on June 23, 2024, and the case did not settle. (ECF No. 51.) By this order, the undersigned will order the stay lifted and direct defendants to file a responsive pleading within thirty (30) days.

On June 16, 2025, plaintiff filed a "motion to enforce a judgment." (ECF No. 50.) The motion seeks to enforce a settlement agreement that resolved two of plaintiff's civil rights actions filed in the Northern District of California. As set forth below, the undersigned finds no federal jurisdictional basis to enforce the agreement and recommends the motion be denied.

**PLAINTIFF'S MOTION TO ENFORCE A JUDGMENT**

Plaintiff's motion, which bears the case number for this action, is styled both as a "motion for enforcing a judgement for specific act" under Federal Rules of Civil Procedure 70 and 71, and

1

a motion for "relief from judgement" under Rule 60(b)(6).  (ECF No. 50 at 1.)  The motion seeks to enforce a global settlement agreement that resolved two of plaintiff's civil lawsuits filed in the Northern District of California: (1) Lafonzo Turner v. G. Lewis, et al., Case No. C 15-0078 KAW (N.D. Cal.) ("Turner I"); and (2) Lafonzo Turner v. M. Cates, et al., Case No. C 15-03067 KAW (N.D. Cal.) ("Turner II").  (See id. at 11-14.)  Plaintiff claims that the global settlement agreement, which was executed in April 2018, provided for durable medical equipment and medical chronos that are now being denied to him by various California Department of Corrections and Rehabilitation prison officials, including defendants Willis and Singh and nondefendants Rodriguez, Taylor, Lorenzo, and Godinaz.  (Id. at 2.)

**DISCUSSION**

As explained below, plaintiff's motion should be denied because there is no statutory or constitutional basis for the undersigned to exert federal jurisdiction over the April 2018 global settlement agreement.

**I.      The Court's Ancillary Jurisdiction Does Not Extend to the Agreement**

Federal courts "have no inherent power to enforce settlement agreements entered into by parties litigating before them."  K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014) (quoting Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1268 (9th Cir. 1996)).  Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the settlement agreement is a "separate contract dispute that requires its own independent basis for jurisdiction."  Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016) (quoting O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir.1995)); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement … is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

However, federal district courts have ancillary jurisdiction over certain matters "otherwise beyond their competence" that are "incidental to other matters properly before them."  Kelly, 822 F.3d at 1094 (quoting Kokkonen, 511 U.S. at 378).  Courts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement

agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." K.C. *ex rel.* Erica C., 762 F.3d at 967 (quoting Kokkonen, 511 U.S. at 381.)

Here, the prerequisites to assert ancillary jurisdiction over a settlement agreement are not present. Plaintiff's global settlement agreement, which is attached to his motion (see ECF No. 50 at 11-14), does not purport to retain federal court jurisdiction for enforcement proceedings. Nor does the voluntary dismissal order reserve such jurisdiction.[1] (See Turner I, ECF No. 135; Turner II, ECF No. 122.) But even if the requirements were met, the doctrine of ancillary jurisdiction extends only to matters that are incidental to "any judgment or proceeding … *rendered in the same court.*" Kokkonen, 511 U.S. at 379 (emphasis added) (quoting Julian v. Central Trust Co., 193 U.S. 93, 113-14 (1904)). In other words, had the Northern District retained jurisdiction to enforce the agreement, enforcement authority would lie solely with the appropriate district judge of the Northern District, not the undersigned.

In sum, there is no federal jurisdictional basis for the undersigned to enforce plaintiff's global settlement agreement. As the Supreme Court noted in Kokkonen, none of its precedents "has, for purposes of asserting otherwise nonexistent federal jurisdiction, relied upon a relationship so tenuous as the breach of an agreement that produced the dismissal of an earlier federal suit." 511 U.S. at 379. For these reasons, the undersigned declines to assert jurisdiction over the April 2018 agreement. See Giraldes v. Nicolai, No. 2:16-cv-0497 KJM AC P, 2017 WL 3887550, at *2 (E.D. Cal. Sept. 6, 2017) (citing Kokkonen in finding no jurisdiction to enforce settlement agreement from different federal action), report and recommendation adopted as modified, No. 2:16-cv-0497 KJM AC P, 2018 WL 453863 (E.D. Cal. Jan. 17, 2018).

////

////

---

[1] The court, on its own motion, takes judicial notice of the voluntary dismissal orders in Turner I and Turner II. See Harris v. County of Orange, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (courts may take judicial notice of "documents on file in federal or state courts").

**II.     Rule 60(b)(6) Does Not Provide an Independent Basis for Jurisdiction**

The undersigned construes plaintiff's motion in the alternative as seeking to reopen the underlying Northern District cases under Rule 60(b)(6).[2] Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. See Fed. R. Civ. P. 60(b)(1)-(5). Rule 60(b) also includes a "catchall" provision – Rule 60(b)(6) – that allows a district court to reopen a case for "'any other reason that justifies relief.'"

Courts apply Rule 60(b)(6) only in "extraordinary circumstances." BLOM Bank SAL v. Honickman, 145 S. Ct. 1612, 1620 (2025). The Ninth Circuit has held that the "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance" and "justifies vacating the court's prior dismissal order" under Rule 60(b)(6)). Keeling v. Sheet Metal Workers Int'l Ass'n, Loc. Union 162, 937 F.2d 408, 410 (9th Cir. 1991); see also Delay v. Gordon, 475 F.3d 1039, 1044 n.11 (9th Cir. 2007) (repudiation of a settlement agreement may justify vacating the court's prior dismissal order under Rule 60(b)).

Thus, assuming plaintiff is claiming repudiation of the agreement, there is some support for Rule 60(b)(6) as the appropriate vehicle for his motion. "Jurisdiction, however, is not derived from Rule 60(b)(6) itself." In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995); see also Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.") Without an independent basis for federal jurisdiction, the undersigned has no authority to vacate another court's dismissal order. "[S]uch a motion must be brought in the closed" Northern District cases, not here. See Cathey v. Brown, No. 2:18-cv-0386 JAM AC PS, 2018 WL 3218444, at *5 (E.D. Cal. July 2, 2018) (contrasting Rule 60(d)(1), which allows courts to "entertain an independent action to relieve a party from a judgment," and Rule 60(b),

---

[2] To the extent plaintiff's motion seeks to both enforce his settlement agreement and reopen the underlying Northern District cases under Rule 60(b)(6), his requests are contradictory. See Kalt v. Hunter, 66 F.3d 1002, 1006 (9th Cir.1995) (noting that, although Rule 60(b)(6) may not be used to enforce a settlement agreement, it may be used to reopen a dismissed case because of breach of a settlement agreement). Regardless, even construing his requests in the alternative, the undersigned has no jurisdiction to entertain either.

which does not), report and recommendation adopted, No. 2:18-cv-0386 JAM AC PS (E.D. Cal. Aug. 15, 2018).[3] Accordingly, plaintiff's motion, construed as a Rule 60(b)(6) motion, should be denied. If plaintiff wishes to pursue a Rule 60(b)(6) motion, he must do so in the Northern District.

### III.    The Settlement Agreement Cannot Be Enforced Through Rules 70 and 71

Rule 70(a) provides that "[i]f a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act," the court may take various actions to enforce the judgment, including by holding the disobedient party in contempt. Montana Wildlife Fed'n v. Haaland, 127 F.4th 1, 30 (9th Cir. 2025). Rule 71 provides the same enforcement procedure against nonparties "[w]hen an order grants relief for a nonparty or may be enforced against a nonparty[.]"

Rules 70 and 71, however, provide only for the "enforcement of judgments." Peterson v. Highland Music, Inc., 140 F.3d 1313, 1323 (9th Cir. 1998), as amended on denial of reh'g and reh'g en banc (Jun. 15, 1998); see also McCabe v. Arave, 827 F.2d 634, 639 (9th Cir. 1987) ("Rule 70 … is operative only when a party refuses to comply with a judgment." (citing De Beers Consol. Mines v. United States, 325 U.S. 212, 218 (1945))). As discussed above, the underlying settlement agreement is not a judicially sanctioned final judgment, let alone one the undersigned has authority to enforce. Accordingly, plaintiff's motion, construed as a motion to enforce a judgement for a specific act under Rules 70 and 71, should be denied.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    The stay of this case is lifted.

2.    Defendants shall file a responsive pleading within thirty days from the date of this order.

---

[3] Nor would jurisdiction by conferred by Rule 60(d)(1), which "does not limit a court's power to … entertain an independent action to relieve a party from judgment." Rule 60(d) "is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted." Arizona Health Care Cost Containment Sys. v. Centers for Medicare & Medicaid Servs., 582 F. Supp. 3d 690, 696 (D. Ariz. 2022).

Additionally, IT IS RECOMMENDED that plaintiff's motion to enforce a judgment (ECF No. 50) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE