UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER,<br><br>              Plaintiff,<br><br>       v.<br><br>V. SINGH, et al.,<br><br>              Defendants. | No.  2:23-cv-00954 DC SCR P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff has filed an ex parte "Imminent Danger Motion," which the undersigned construes as a motion for temporary restraining order ("TRO"), seeking return of his durable medical equipment ("DME").  (ECF No. 56.)  Because plaintiff has not shown that he is likely to suffer irreparable harm, the undersigned recommends that plaintiff's motion be denied.

## BACKGROUND

Plaintiff is proceeding on his first amended complaint ("FAC") filed on April 1, 2024. (ECF No. 24.)  The FAC alleges that throughout 2019, prison officials at the California Health Care Facility confiscated his medically authorized shoes and other DME in retaliation for his lawsuits and appeals.  (Id.)  Plaintiff alleges he is entitled to the DME pursuant to a March 2018 settlement agreement that resolved a civil rights action that he filed in the Northern District of California.  (Id. at 1-2.)

1

On October 4, 2024, the undersigned screened the FAC and found it stated a cognizable First Amendment retaliation claim against defendants Singh and Willis and a cognizable Americans with Disabilities Act claim against defendants Singh, Willis, and Williams, but did not state any other claims.  (ECF No. 30.)  Plaintiff was given the option of proceeding on his cognizable claims or amending his FAC. (Id.)  Plaintiff elected to proceed on the FAC as screened.  (ECF No. 38.)

After defendants returned service, the undersigned stayed the proceedings to allow the parties to engage in post-screening settlement discussions.  (ECF No. 46).  Defendants filed an answer on July 30, 2025, after the stay was lifted.  (ECF No. 54.)  The case is currently in discovery.[1]  (ECF No. 55.)

**PLAINTIFF'S TRO MOTION**

In his TRO motion, plaintiff alleges that his walker and knee braces were taken on or about March 6, 2023, without medical justification.  (ECF No. 56 at 1.)  He has fallen three times since then, injuring his back, hips, shoulder, and neck.  (Id.)  The absence of his DME is also causing atrophy pain, more severe spasming, and overall weakness in his lower extremities.  (Id.)

Plaintiff alleges that defendants are denying his DME in violation of the March 2018 settlement agreement and against doctor's prescription.  (ECF No. 56 at 2.)  Their retaliatory actions have left plaintiff confined to a wheelchair.  (Id.)  Plaintiff seeks an injunction ordering the Kern Valley State Prison to provide him with his approved DME without a reevaluation.  (Id.)

**LEGAL STANDARD**

A TRO is an extraordinary remedy that may only be granted if the moving party satisfies one of two legal standards.  A plaintiff seeking a TRO must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Garcia v. Google, Inc., 786 F.3d 733, 740

---

[1] On June 16, 2025, plaintiff filed a motion to enforce the aforementioned March 2018 settlement agreement.  (ECF No. 50.)  The undersigned's findings and recommendations that the motion be denied are pending before the assigned district judge.  (ECF No. 52.)

(9th Cir. 2015).  A plaintiff may also be entitled to a TRO by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. All. For the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

**DISCUSSION**

Plaintiff has not shown that he is likely to suffer irreparable harm in the absence of a TRO.  As explained below, the limited evidence before the undersigned is stale and does not demonstrate an immediate, irreparable harm that warrants the extraordinary remedy of a TRO.

Under Rule 65 of the Federal Rules of Civil Procedure, a court may issue a TRO without written or oral notice to the adverse party or its attorney "only if … specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"  Fed. R. Civ. P. 65(b)(1)(A); see also Local Rule 231(c)(4) (requiring "an affidavit in support of the existence of an irreparable injury").  Here, plaintiff did not submit a supporting affidavit with his TRO motion. The TRO motion itself is unverified and does not include any dates or other specific facts that would allow the court to infer that he is facing an imminent or immediate harm.[2]

The undersigned will accept plaintiff's verified FAC as a supporting affidavit.  See Right to Life of Cent. California v. Bonta, 562 F. Supp. 3d 947, 951 n.1 (E.D. Cal. 2021) ("A verified complaint may be treated as an affidavit [under Rule 65] to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify.") (citing Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985)). However, the events underlying the FAC occurred in 2019, making the FAC's allegations far too stale to show current irreparable harm.  Federal courts will not interfere with state government operations "in the absence of facts showing an *immediate* threat of substantial injury."  Midgett v. Tri-Cnty. Metro. Transp. Dist. of Oregon, 254 F.3d 846, 850 (9th Cir. 2001) (citation omitted) (emphasis added).

In sum, aside from the vague allegations in the unverified TRO motion itself, plaintiff

---

[2] Plaintiff's TRO motion is also procedurally deficient in that it lacks certification as to plaintiff's efforts to give defendants notice.  See Fed. R. Civ. P. 65(b)(1)(B); Local Rule 231(c)(5).

provided no evidence that he is likely to suffer irreparable harm. "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) (emphasis in original). Finding no showing irreparable harm, the undersigned need not the address the remaining TRO factors. See Herb Reed Enterprises, LLC v. Fla. Entertainment Mgmt. Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) (declining to address remaining factors where the "irreparable harm" requirement was not met).

Accordingly, it is recommended that plaintiff's TRO motion be denied. The denial is without prejudice, meaning that plaintiff may bring a renewed motion. Plaintiff is advised that a future TRO motion must comply with the requirements of Rule 65 of the Federal Rules of Civil Procedure and Local Rule 231, including the requirement that the TRO motion be supported by evidence showing an immediate and irreparable injury.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's ex parte "Imminent Danger Motion," construed as TRO motion (ECF No. 56), be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE