UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER, | No. 2:23-cv-0954 DC SCR P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| V. SINGH, et al., | |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. Plaintiff has filed two motions that are pending before the undersigned: (1) a motion to compel and request for an extension of time to conduct discovery, ECF No. 62; and (2) motion for access to legal property and to stay the proceedings, ECF No. 63, which the undersigned construes as a motion for a temporary restraining order ("TRO").

## PLAINTIFF'S MOTION TO COMPEL

### I.      The Parties' Arguments

Plaintiff filed the motion to compel to discovery on December 22, 2025. ECF No. 62. In the one-page filing, plaintiff alleges that defendants have not responded to discovery. Plaintiff additionally requests a 30-day extension of time to conduct discovery and cites defendants' delays and the prison's "administrative program shutdowns" as good cause. Id.

1

Defendants timely opposed the motion and argue that they cannot provide a substantive response because plaintiff did not identify the deficient discovery, raise any legal arguments regarding the alleged deficiencies, and did not attach the subject responses or responses.  ECF No. 64 at 1-2.  Defendants also oppose an extension of time to conduct discovery because he has not provided good cause and previously received an extension time to complete discovery.  Id. at 2 (citing ECF No. 61).

**II.      Legal Standard**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).  Such motion may be made if "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as required under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action.  McCoy v. Ramirez, No. 1:13-cv-1808 MJS PC, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646 AWI SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, No. 07-cv-200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

**III.     Discussion**

The undersigned will begin with plaintiff's request for an extension of time to conduct discovery.  Plaintiff does not explain how defendants' alleged delays or the prison's

2

"administrative program shutdowns" prevented him from conducting discovery.  Moreover, on December 5, 2025, the undersigned granted plaintiff's request for an extension of time to conduct discovery and extended the discovery cut-off date to February 9, 2026.  ECF No. 61.  Based on the close timing between that order and plaintiff's request for an extension of time at issue here (which is signed and dated December 15, 2025, see ECF No. 62 at 1), the undersigned suspects the two documents passed each other in the mail.  Therefore, as plaintiff has not shown good cause to extend discovery and in fact received a lengthy extension right before filing this motion, his request for an extension of time is denied.

Turning to the motion to compel, courts are required to liberally construe the discovery motions of incarcerated litigants.  See United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000).  But even under a liberal construction, plaintiff's motion fails to provide any of the information necessary for the undersigned to resolve his motion.  For instance, plaintiff does not identify any of the discovery requests subject to the motion or which responses are disputed.  For this reason, plaintiff's motion is denied without prejudice to its renewal.

Given the discovery motion cut-off of February 9, 2026 has just passed, the undersigned will grant plaintiff an additional thirty (30) days from the date of this order to file a motion to compel that complies with the legal requirements above.  The discovery deadline will be extended **solely for the purpose of allowing plaintiff to file a renewed motion to compel**.  On its own motion, the court hereby vacates the dispositive motion deadline.  Plaintiff is advised that a failure to file a renewed motion to compel within the next 30 days will result in an order closing discovery and setting a dispositive motion deadline.

## PLAINTIFF'S MOTION FOR ACCESS TO LEGAL PROPERTY

### I.       Plaintiff's Argument

On January 12, 2026, plaintiff filed a motion that seeks an order directing the Kern Valley State Prison and defendants to return his unspecified legal property.  ECF No. 63.  Plaintiff states that on December 23, 2025, he was assaulted and knocked unconsciousness and is now in administrative segregation.  Id. at 1. If the court does not order access to his property, he requests a stay of the action due to his injuries from the attack, which include a traumatic brain injury and

3

possible broken jaw and arm.  Id. at 2.  Plaintiff further alleges that he has not seen a doctor since December 23, 2025.  Id.  Defendants did not respond to plaintiff's motion.

## II.    Legal Standard

The undersigned construes plaintiff's motion as seeking a TRO.  A TRO is an extraordinary remedy that may only be granted if the moving party satisfies one of two legal standards. A plaintiff seeking a TRO must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).  A plaintiff may also be entitled to a temporary restraining order by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. All. For the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  An injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order. . .." Fed. R. Civ. P. 65(d)(2).

## III.    Discussion

Plaintiff's motion is the fifth time during these proceedings that he has sought an order to return his legal property.  ECF Nos. 13, 26, 28, 32, 63.  As the undersigned previously explained, as a prerequisite to relief, plaintiff must identify what legal property is missing and whether it relates to this case.  "To the extent plaintiff does not have legal property unrelated to this case, that issue is not the subject of these proceedings and will not be addressed here."  ECF No. 30 at 5.  Plaintiff again does not identify the legal property at issue, and for this reason it is recommended that his TRO motion be denied without prejudice.

Moreover, the undersigned reminds plaintiff of the prison procedures available to him to request his records.  Out of concern that plaintiff still did not have his property, the undersigned

previously ordered a representative of the Office of the Attorney General to inquire about the status of plaintiff's legal property. ECF No. 34 at 2. After confirming plaintiff received his legal property many months prior, the representative informed plaintiff that the CDCR regulations provide processes to request and review non-confidential grievances, custody records, and medical and mental health records. See Cal. Code Regs. tit. 15, § 3370(c) (providing incarcerated persons may review their case records and health records subject to applicable law); see also § 3999.215(e) (providing incarcerated persons may review their health information and exceptions); see also § 3999.217 (setting forth process for release of personal health information). ECF No. 36.

The undersigned next turns to plaintiff's alternative request for a stay based on his recent injuries. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. Id. at 708. "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007). In evaluating whether to stay an action, a district court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

As noted above, the Court has already decided to stay the upcoming dispositive motion deadline in connection with Plaintiff's discovery motion. Accordingly, Plaintiff's alternative request for a stay of the case based on his injuries is denied as unnecessary. The denial is without prejudice, which means that he can refile the motion and seek a stay at a later time, should his injuries continue to impair his ability to prosecute this case. Should plaintiff choose to refile, he must specifically explain how his injuries or his placement in administrative segregation impair

his ability to litigate this case.

Finally, in light of Plaintiff's allegation that he has not seen a doctor since being assaulted on December 23, 2025, the Court orders the Office of the Attorney General to inquire about the status of Plaintiff's medical care for the alleged injuries and to file under seal a notice summarizing Plaintiff's care for the alleged injuries, including whether and when he was seen by a physician.  Such notice shall be filed within fourteen (14) days.  See Rodriguez v. Schwarzenegger, No. 2:07-cv-2531 ATG, 2009 WL 1808391, at *2 (E.D. Cal. June 24, 2009) (denying medical injunctive relief but directing Office of the Attorney General to respond with a written response informing the court of the status of plaintiff's health and safety).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel is DENIED without prejudice.

2.      Plaintiff shall have thirty (30) days from the service of this order to file a renewed motion to compel as outlined above. The discovery deadline shall be extended solely for this purpose.

3.      The dispositive motion deadline is STAYED.

4.      Plaintiff is advised that a failure to file a renewed motion to compel will result in an order closing discovery and setting a dispositive motion deadline.

5.      The Office of the Attorney General, which represents Defendants in this case, shall inquire about the status of Plaintiff's medical care for his alleged injuries and file within fourteen (14) days under seal a notice summarizing Plaintiff's care for the alleged injuries, including whether and when he was seen by a physician.

In addition, IT IS HEREBY RECOMMENDED that plaintiff's motion for access to legal property (ECF No. 63), construed as a motion for temporary restraining order, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written

6

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 13, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7