UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAFONZO R. TURNER,

Plaintiff,

v.

V. SINGH, et al.,

Defendants.

No.  2:23-cv-0954 DC SCR P

ORDER AND FINDINGS &
RECOMMENDATIONS

Plaintiff is incarcerated in state prison and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq.  The action is proceeding on plaintiff's first amended complaint ("FAC") concerning the alleged denial of access to durable medical equipment ("DME").  ECF No. 24.

On February 13, 2026, the undersigned denied plaintiff's motion to compel but extended discovery for 30 days to allow him to file a renewed motion that, *inter alia*, specified the records he sought in discovery that defendants allegedly failed to provide.  ECF No. 65.  Plaintiff was advised that a failure to comply would result in an order closing discovery and setting a dispositive motion deadline.  Id. at 6.  More than 30 days have passed, and plaintiff has not filed a new motion to compel.  Accordingly, by this order, the undersigned will close discovery and set a dispositive motion deadline.

It is also recommended that plaintiff's motions for temporary restraining order ("TRO")

1

concerning his legal property and medical care be denied.  ECF Nos. 68, 76.  Plaintiff's other pending motions (ECF Nos. 67, 71, 73) are denied.

### MOTIONS FOR TEMPORARY RESTRAINING ORDER

#### I.   Plaintiff's Argument

On March 16, 2026, plaintiff filed a TRO motion seeking (1) adequate medical care for injuries suffered from an assault in December 2025, including an outside referral to a neurologist; and (2) return of his legal property.  ECF No. 68.  Plaintiff argues he has not seen a doctor since the assault and is experiencing symptoms of a traumatic brain injury ("TBI").  Id. at 2-4.  Regarding his legal property, plaintiff asserts that Kern Valley State Prison ("KVSP") and its staff confiscated "hundreds" of documents concerning this case.  Id. at 1.  In a supporting declaration, he identifies the missing documents as "medical memorandum" responses, form 22 ("inmate request for interview") slips, photos of his orthotic shoes, CDCR policy matrices, 602 appeal responses, and DME receipts.  ECF No. 69 at 1-2.  He attached several form 22s documenting his efforts to retrieve his property since his move to administrative segregation in December 2025.  ECF No. 69 at 5-13.  On May 15, 2026, plaintiff filed a second TRO motion on the same grounds and requests a transfer to another prison so that he can access proper care.  ECF No. 76 at 9.

#### II.   Legal Standard

TRO is an extraordinary remedy that may only be granted if the moving party satisfies one of two legal standards.  A plaintiff seeking a TRO must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).  A plaintiff may also be entitled to a temporary restraining order by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor.  See All. For the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

A TRO binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P.

2

65(d)(2)(A)–(C).  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983).  Further, a plaintiff must "establish a relationship between the injury claimed" in the motion for injunctive relief and "the conduct asserted in the complaint."  Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  The relationship between the TRO and the underlying complaint is "sufficiently strong" where the TRO "would grant relief of the same character as that which may be granted finally.  Absent that relationship or nexus, the district court lacks authority to grant the relief requested."  Id. (internal quotation and citation omitted).

### III.    Discussion

The undersigned recommends plaintiff's TRO motions, which repeat the allegations in his last TRO motion (ECF No. 63), be denied.  District Judge Coggins adopted the recommendation that the earlier TRO motion be denied on March 31, 2026, ECF No. 74, and the undersigned finds no reason to deviate from that outcome here.

### A.  Legal Property

First, the Court does not have personal jurisdiction over the KVSP staff whom plaintiff identifies as withholding his property.  See Zepeda, 753 F.2d at 727.  His operative FAC concerns events and defendants at a different state prison, the California Health Care Facility.  See ECF No. 24.  Moreover, while plaintiff has heeded the Court's advice to describe his missing property with more specificity, he did not take advantage of the order extending discovery and granting him leave to file a renewed motion to compel.  ECF No. 65.  That was an opportunity for plaintiff to identify what type of documents the defendants have allegedly failed to produce in discovery and that plaintiff needs to prosecute this case.  Plaintiff's repetitive TROs are not the proper vehicle for accessing this information.  For these reasons, plaintiff is not entitled to relief regarding his legal property.

In response to a prior request from plaintiff seeking similar relief (ECF No. 32), the undersigned denied the request but directed defendants' counsel to inquire into the status of plaintiff's property.  ECF No. 34 at 2.  Counsel confirmed the return of that property and

provided instructions to plaintiff on how to review grievance documents and other custodial records. Id. Because plaintiff's current TRO stems from a more recent move to administrative segregation and plaintiff has documented his unsuccessful efforts to retrieve the property, the undersigned will once again direct defendants' counsel to contact officials at KVSP regarding plaintiff's allegations that he does not have his legal property related to this case and, within fourteen days of the date of this order, file a response to that allegation. If plaintiff has not been provided with his legal property by the time of the inquiry, the response shall include an estimate of the time necessary to provide plaintiff with that property.

### B. Medical Care

Second, the undersigned recommends the denial of plaintiff's request for medical care and prison transfer. Plaintiff's allegations regarding a lack of medical care for his injuries suffered in December 2025 bear no relationship to the alleged denial of foot and ankle DME at a previous facility at issue in plaintiff's operative FAC. See Pac. Radiation Oncology, 810 F.3d at 636. Under the circumstances of this case, the undersigned also does not have authority to order the KVSP Warden (who is not a defendant in this action) or any other CDCR official to transfer plaintiff to another prison. Plaintiff does not contend, much less establish, that such officials are working in "in active concept or participation" with the defendants in this action. See Fed. R. Civ. P. 65.

Moreover, although the undersigned did not recommend relief on plaintiff's last TRO raising the same issue, the findings and recommendations directed Defendants' counsel to "inquire about the status of Plaintiff's medical care for the alleged injuries and to file under seal a notice summarizing Plaintiff's care for the alleged injuries, including whether and when he was seen by a physician." ECF No. 65 at 6. The undersigned has carefully reviewed the medical records that Defendants subsequently filed under seal. ECF No. 66. Without divulging plaintiff's protected health information, and the TRO's procedural deficiencies aside, the undersigned does not find factual support for irreparable harm or TRO relief given the extent of medical appointments and diagnostic testing he apparently received after the alleged assault.

Accordingly, the undersigned recommends that plaintiff's TRO motions (ECF Nos. 68,

4

76) be denied.  **Plaintiff is advised that he may challenge the adequacy of his medical care or the confiscation of his legal property in separate actions under 42 U.S.C. § 1983 and seek TRO relief in those actions.**  For the same reasons, plaintiff's motion for a stay of the action pending return of his legal property (ECF No. 67) is denied.  Like plaintiff's TRO motion, his motion for a stay repeats the same allegations and seeks the same relief as his last unsuccessful TRO (ECF No. 63).  Finally, given plaintiff's duplicative and repetitive TRO motions regarding the same medical care and legal property issues, as well as the extensive court resources required to resolve those motions, the undersigned will set a filing restriction limiting plaintiff to one non-dispositive motion at a time for the remainder of the case.

**PLAINTIFF'S MOTIONS FOR SANCTIONS**

Plaintiff has also filed motions for contempt (ECF No. 71) and monetary sanctions (ECF No. 73) against KVSP, correctional officer Mendoza, and various other non-defendants working in the prison regarding their alleged roles in withholding his legal property and various other alleged retaliatory actions (e.g., denying visitation rights and issuing false RVRs).

Although plaintiff doesn't identify a source for his request for sanctions, courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process."  Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991).  However, again, the undersigned "may not attempt to determine the rights of persons not before the court."  Zepeda, 753 F.2d at 727.  Therefore, the undersigned declines to issue sanctions against the non-defendants identified in plaintiff's motions.  To the extent plaintiff is seeking to levy monetary sanctions against the named defendants, it is also "inappropriate for the court to sanction defendants based on the actions of individuals who are not parties in this action."  Fratus v. Dayson, No. 2:20-cv-0354 DB P, 2020 WL 5291923, at *7 (E.D. Cal. Sept. 4, 2020) (similarly declining to sanction non-defendant state prison employees whom plaintiff alleged obstructed his litigation efforts).  Accordingly, plaintiff's motions for contempt and sanctions (ECF Nos. 71 and 73) are denied.

////

////

5

**MOTION TO APPOINT COUNSEL**

### I.    Plaintiff's Motion

Within his TRO motion, plaintiff seeks counsel due to KVSP's refusal to provide his legal property.  ECF No. 68 at 8.  Plaintiff also submitted the sworn declaration of Marquis D. Jackson, who is also incarcerated at KVSP and resides in the same housing unit.  Id. at 11-12.  Jackson testifies that plaintiff is suffering from the effects of a TBI from an attack in the prison.  Id. at 11.  Jackson opines that the appointment of counsel is in the interest of justice because plaintiff needs constant help with everyday tasks since his injuries.  Id.

### II.    Legal Standard

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel.  For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled.  See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act).  Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing

6

request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

### III.    Analysis

Plaintiff has not identified exceptional circumstances warranting appointment of counsel under 28 U.S.C. § 1915(e).  Plaintiff's limited access to legal materials is a circumstance common to most prisoners, and the Court has given plaintiff many opportunities throughout this litigation to articulate what legal property he requires to prosecute this case.  Further, it is too early in the proceedings to determine plaintiff's likelihood of success on the merits, and the undersigned does not find plaintiff's retaliation and DME-related claims to be particularly complex.  Plaintiff states that he has secured two settlements in similar cases, ECF No. 68 at 5, which further suggests that he is able to prosecute this action pro se.

The testimony provided by Mr. Jackson regarding the impact of plaintiff's injuries does give the undersigned pause.  But the undersigned has already taken steps to investigate the scope of plaintiff's injuries and his receipt of medical care, see ECF No. 65 at 7, and plaintiff has filed nine motions or other filings in this action since his injury.  Therefore, at this time, there is insufficient evidence in the record that plaintiff's injuries meaningfully interfere with his ability to litigate this case.  Therefore, plaintiff's motion for appointment of counsel is denied.  The denial without prejudice, meaning that plaintiff can refile at a later point in the proceeding.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    Fact discovery is CLOSED.

2.    All dispositive motions, such as motions for summary judgment, shall be filed no later than September 1, 2026.

3.    Plaintiff's motion for stay (ECF No. 67), motion for appointment of counsel (ECF No. 68), motion for contempt (ECF No. 71), and motion for sanctions (ECF No. 73) are DENIED.

4.    Defendants' counsel shall contact officials at KVSP regarding plaintiff's allegations that he does not have his legal property related to this case and, within fourteen days

of the date of this order, file a response to that allegation. If plaintiff has not been provided with his legal property by the time of the inquiry, the response shall include an estimate of the time necessary to provide plaintiff with that property.

5.     In light of plaintiff's history of filing duplicative and repetitious motions, plaintiff shall be limited to filing the following documents throughout the remainder of this case:

    a. One non-dispositive motion (such as a motion for a temporary restraining order or a motion for a change to the scheduling order) at a time;

    b. One dispositive motion, limited to one memorandum of points and authorities in support of the motion and one reply to any opposition; and

    c. One set of objections to any Findings and Recommendations; and,

    d. Any additional pleading specifically ordered by the court.

6.     Any pleading filed in violation of this order will be stricken from the docket and not acted upon by the court.

In addition, IT IS HEREBY RECOMMENDED that plaintiff's TRO motions (ECF No. 68, 76) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE