UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO R. TURNER, Plaintiff, v. V. SINGH, et al., Defendants. | No. 2:23-cv-00954 DC SCR P<br><br>ORDER |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On July 6, 2026, Plaintiff filed a motion for a 60-day extension of time to conduct discovery. ECF No. 82. Plaintiff argues that he did not receive his legal property back from his prison custodians until May 29, 2026, after the close of discovery. Id. Defendants did not respond to the motion.

Because the discovery deadline has lapsed, the undersigned construes plaintiff's motion as a seeking to modify the discovery and scheduling order ("DSO"). Under Rule 16(b) of the Federal Rules of Civil Procedure, "good cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivokovic v. S. Cal.

Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609). In determining whether good cause exists to reopen discovery, courts may consider a variety of factors, such as: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).

The undersigned denies the motion for lack of diligence. The original DSO in this action dated August 4, 2025, set a discovery deadline of December 1, 2025. ECF No. 55. On November 11, 2025, plaintiff sought an extension of time due to limited law library access and prison transfers. ECF No. 60. The undersigned granted the motion and extended the deadline to February 9, 2026. ECF No. 61. On December 22, 2025, plaintiff filed a motion to compel citing defendants' nonresponse to his discovery requests. ECF No 62. On February 13, 2026, the undersigned denied the motion to compel on grounds plaintiff did not identify the discovery requests subject to the motion, provided plaintiff a notice of the motion's deficiencies, and extended the discovery deadline 30 days to allow plaintiff to re-file his motion to compel. ECF No. 65. Plaintiff did not re-file his motion in the time provided. As a result, on May 21, 2026, the undersigned ordered that fact discovery be closed. ECF No. 77. On June 6, 2026, defendants filed an ex parte application for permission to file an exhaustion-only motion for summary judgment. On July 6, 2026, the undersigned granted defendants' motion and set a deadline of September 1, 2026. ECF No. 81.

In sum, plaintiff has failed to take advantage of the multiple extensions of time to conduct discovery that he has already received. Instead, plaintiff filed repetitive motions for temporary restraining order ("TRO") even after the Court explained that it lacks of jurisdiction over plaintiff's former prison, requested that the Deputy Attorney General inquire into his missing property, and provided instructions on how to retrieve those materials. See ECF Nos. 30, 65, 77. As the undersigned explained in a prior order: "[Plaintiff] did not take advantage of the order

extending discovery and granting him leave to file a renewed motion to compel. That was an opportunity for plaintiff to identify what type of documents the defendants have allegedly failed to produce in discovery and that plaintiff needs to prosecute this case. Plaintiff's repetitive TROs are not the proper vehicle for accessing this information." ECF No. 77 at 3.

For all of these reasons, plaintiff's motion is denied. However, should plaintiff lack the necessary facts to oppose defendants' exhaustion-only motion for summary judgment, he may seek leave to conduct discovery under Federal Rule of Procedure 56(d). That rule provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant ***shows by affidavit or declaration*** that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (emphasis added). Plaintiff is also reminded that any opposition to defendants' summary-judgment motion must be filed within 21 days. Local Rule 230(*l*).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for 60-day extension of time to extend discovery (ECF No. 82) is denied.

DATED: August 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE